# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| **Jerry Vernon Adams, Jr.,** ) | Criminal Action No.: 4:09-cr-01365-RBH (1) |
| ) | Civil Action No.: 4:13-cv-03461-RBH |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Pending before the Court is Jerry Vernon Adams, Jr.'s ("Petitioner's") *pro se* Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate") pursuant to 28 U.S.C. § 2255, *see* ECF No. 102. For the following reasons, Petitioner's Motion to Vacate is dismissed.[1]

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

On December 15, 2009, a federal grand jury returned a one count indictment against Petitioner. *See* Indictment, ECF No. 2. Count 1 charged Petitioner with knowingly stealing firearms that had moved in interstate commerce. *See id.* at 1. Count 2 charged Petitioner with being a felon in possession of firearms and ammunition. *See id.* at 2.

On July 7, 2010, Petitioner entered into a written plea agreement. *See* Plea Agreement, ECF No. 45. In the plea agreement, Petitioner agreed to plead guilty to Counts 1 and 2 of the indictment, and in exchange the Government agreed to move for a downward departure pursuant to United States Sentencing Guideline ("USSG") § 5K1.1, 18 U.S.C. § 3553(e), or Federal Rule of Criminal

---

[1] Because the pleadings, files, and records conclusively show that Petitioner is not entitled to relief, an evidentiary hearing is not necessary. *United States v. Diaz*, 547 F. App'x 303, 304 (4th Cir. 2013) (citing *United States v. Witherspoon*, 231 F.3d 923, 925–27 (4th Cir. 2000)); *see also United States v. Yearwood*, 863 F.2d 6, 7 (4th Cir. 1988), *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356 (2010) (citing *United States v. Baysden*, 326 F.2d 629, 631 (4th Cir. 1964)) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

Procedure 35(b) if it deemed Petitioner's cooperation to constitute substantial assistance. *See id.* at 5.

On July 8, 2010, Petitioner pled guilty and the Court questioned him regarding the plea agreement. *See* Minute Entry, ECF No. 46; Plea Colloquy Transcript, ECF No. 85. On February 23, 2012, the Court sentenced Petitioner to a term of 180 months. *See* Minute Entry, ECF No. 61; Judgment, ECF No. 63.

Petitioner appealed the Court's judgment, claiming that his prior convictions for (1) assault and battery of a high and aggravated nature ("ABHAN"); (2) discharging a firearm into a dwelling; (3) felony breaking or entering; and (4) burglary in the second degree should not have been counted as predicate felonies for armed career criminal purposes. *See United States v. Adams*, 457 F. App'x 338, 339 (4th Cir. 2011). The Fourth Circuit affirmed Petitioner's sentence on December 15, 2011. *See id.* at 340.

On August 6, 2012, the Government filed a motion to reduce Petitioner's sentence for providing substantial assistance pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. *See* Mot. to Reduce Sentence, ECF No. 96. The Court granted this motion on October 30, 2012, and Petitioner was resentenced to a term of imprisonment of 130 months. *See* Minute Entry, ECF No. 99; Amended Judgment, ECF No. 100.

On December 12, 2013, Petitioner filed the instant Motion to Vacate. *See* ECF No. 102. On February 3, 2014, the Government filed a Motion for Summary Judgment and memorandum in support, asserting that Petitioner's motion is without merit. *See* ECF Nos. 111–12. An Order filed February 4, 2014, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advised Petitioner of the dismissal procedure and the possible consequences if he failed to respond

adequately. *See* Order, ECF No. 113. Petitioner timely filed a response in opposition to Defendant's motion on February 27, 2014. *See* Pet.'s Resp., ECF No. 115.

Petitioner's Motion to Vacate alleges the following ground for relief:

> **Ground 1**: Defendant is actually innocent of the Armed Career Criminal Enhancement under 21 U.S.C. § 924(e).

ECF No. 102 at 3.

## APPLICABLE LAW[2]

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

In deciding a motion to vacate, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief). An evidentiary hearing "is required when a movant presents a colorable [] claim showing disputed material facts and a credibility determination is necessary to resolve the issue." *United States v. Coon*, 205 F. App'x 972, 973 (4th Cir. 2006) (citing *United States v. Witherspoon*, 231 F.3d 923, 925–27 (4th Cir. 2000)). However, a hearing is not required unless the claim shows "disputed facts involving inconsistencies beyond the record." *United States*

---

[2] It is undisputed that Petitioner's Motion to Vacate was timely filed within the Antiterrorism and Effective Death Penalty Act's ("AEDPA's") one-year statute of limitations. *See* 28 U.S.C. § 2255(f).

*v. Robinson*, 238 F. App'x 954, 955 (4th Cir. 2007). Conclusory allegations contained within affidavits do not require a hearing. *Strong v. Johnson*, 495 F.3d 134, 139–40 (4th Cir. 2007). "Thus, no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

## ANALYSIS

Petitioner contends that he is "actually innocent of the armed career criminal enhancement under 21 U.S.C. § 924(e)[] because he does not have the requisite prior convictions." *See* ECF No. 102 at 3. He argues that, pursuant to the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), his North Carolina conviction for felony breaking and entering no longer qualifies as a "violent felony." *See* ECF No. 102-1 at 2. Next, he asserts that in light of the Fourth Circuit's decision in *United States v. Hemingway*, 734 F.3d 323 (4th Cir. 2013), his South Carolina conviction for assault and battery of a high and aggravated nature ("ABHAN") also no longer qualifies as a violent felony. *See* ECF No. 102-1 at 3. Finally, he makes a generalized assertion that pursuant to *Descamps v. United States*, __ U.S. __, 133 S. Ct. 2276 (2013), he should not be classified as an armed career criminal. *See* ECF No. 102-1 at 4. He notes that the Court must look beyond the charging documents or police records to determine whether his predicate offenses qualify under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"). *See id.* at 5.

The Government responded, noting that it agrees with Petitioner that his North Carolina conviction for breaking and entering and his South Carolina conviction for ABHAN no longer qualify as predicate offenses for ACCA purposes. *See* ECF No. 111 at 5–7. The Government argues, however, that the Court properly applied the modified categorical approach and determined

4

that one of Petitioner's South Carolina convictions for second degree burglary qualified as a predicate offense under ACCA. *See id.* at 9–12. The Government contends that the District Court properly applied the modified categorical approach by consulting the indictment for the limited purpose of determining whether Petitioner's conviction corresponded to the generic definition of burglary. *See id.* at 9–13. The Government asserts that Petitioner had five additional South Carolina convictions for second degree burglary which would also qualify as predicates for ACCA purposes. *See id.* at 12–13. Finally, the Government contends that any error the Court may have committed in counting Petitioner's convictions for North Carolina breaking and entering or South Carolina ABHAN was harmless in light of Petitioner's additional qualifying predicate convictions. *See id.*

Petitioner responded, asserting that the five additional burglary convictions were "consolidated for one judgment," meaning they were "consolidated for plea and sentencing, and a judge ordered the sentences for all five burglaries to run concurrently. *See* ECF No. 115 at 2. Petitioner also argues that the District Court erred because it only looked to his "underlying conduct to determine whether these burglaries should count as violent offenses." *See id.* at 4–5.

Respondent has conceded that Petitioner's North Carolina conviction for breaking and entering and his South Carolina conviction for ABHAN no longer qualify as predicate offenses for ACCA purposes. Accordingly, the remaining issue for the Court is to determine whether, despite this fact, Petitioner still qualifies as an armed career criminal.

The Court first notes that the only requirement for convictions to count as separate predicate offenses under ACCA is that they "be committed on occasions different from one another." *United States v. Samuels*, 970 F.2d 1312, 1315 (4th Cir. 1992). As the Fourth Circuit has clearly explained, "predicate offenses need not be tried or sentenced separately to be counted as separate offenses for

5

purposes of the armed career criminal enhancement." *United States v. Fikes*, 585 F. App'x 20, 21 (4th Cir. 2014).  Courts analyze five factors in determining whether offenses should be counted separately under ACCA: (1) whether the offenses arose in different geographic locations; (2) whether the nature of each offense was substantively different; (3) whether each offense involved different victims; (4) whether each offense involved different criminal objectives; and (5) after the defendant committed the first-in-time offense, did the defendant have the opportunity to make a conscious and knowing decision to engage in the next-in-time offense.  *United States v. Thompson*, 584 F. App'x 101, 105 (4th Cir. 2014) (citing *United States v. Carr*, 592 F.3d 636, 644 (4th Cir. 2010)) (finding two burglaries that "occurred at two residences separated by two miles, with separate victims" and that "were sequential in time" qualified as separate ACCA predicate offenses).

Petitioner has not set forth any argument for why his second degree burglary convictions should not count as ACCA predicate offenses,[3] aside from his claim that they were consolidated for sentencing purposes.  A thorough review of the Presentence Report ("PSR")[4] reveals that, in

---

[3] The Fourth Circuit has found on several occasions that a second degree burglary conviction in South Carolina does in fact qualify as a predicate offense. *See United States v. Brown*, __ F. App'x __, 2015 WL 1219648, at *1 (4th Cir. Mar. 18, 2015) (finding that Defendant's five convictions for second degree burglary under S.C. Code Ann. § 16-11-312(A) were qualifying predicate felonies for ACCA status); *United States v. Wright*, 594 F.3d 259, 266 (4th Cir. 2010) ("In this case, the law [Defendant] violated . . . states that "[a] person is guilty of burglary in the second degree if the person enters a dwelling without consent and with intent to commit a crime in the dwelling." S.C.Code § 16–11–312(A).  This language tracks the generic definition of burglary set forth by the Supreme Court in *Taylor*, and as such we have no difficulty determining that South Carolina's burglary statute falls within the ACCA's list of prior offenses.").

[4] The Court notes that it is entitled to rely on the information contained in the presentence report. *See, e.g.*, *United States v. Thompson*, 421 F.3d 278. 285 (4th Cir. 2005) (noting that the PSR "bears the earmarks of derivation from *Shepard*-approved sources such as the indictment and state-court judgments from [prior] convictions"); *United States v. Hickman*, 358 F. App'x 488, 489 (4th Cir. 2009) (finding that for purposes of the armed career criminal enhancement, that the court "may rely on a prepared presentence investigations report ("PSR") to determine whether a prior crime qualifies as a predicate offense").

addition to the second degree burglary conviction used by the Court at sentencing (the burglary committed on or about October 11, 2004), three additional second degree burglary convictions were listed as qualifying predicate offenses.[5]  *See* Presentence Report, ECF No. 67 at 11–13.  The Court finds that, applying the test articulated in *Thompson*, each of these additional second degree burglary offenses would qualify as "separate offenses" for ACCA purposes.  They each involved different locations, facts, victims, and criminal objectives, and occurred at different times of day (one was at night and one was not).  *See Thompson*, 584 F. App'x at 105.  Accordingly, the Court finds that these three additional offenses all qualified as ACCA predicate offenses that qualify Petitioner being sentenced as an armed career criminal.[6]

The Court finds no error with its use of the modified categorical approach in determining that Petitioner's second degree burglary conviction, the conviction related to the burglary committed "on or about October 11, 2004," qualified as a violent felony.  The Court consulted the indictment in making this determination, solely for the limited purpose of determining whether Petitioner's conviction corresponded to the generic definition of burglary.  *See* Sentencing Transcript, ECF No. 79 at 46:10–47:1.  Petitioner has not asserted any error with this aside from a generalized claim that the Court only looked at his underlying conduct in determining whether the burglary was a crime of violence.  Regardless of the modified categorical approach, the Fourth

---

[5] The first occurred "on or about October 14, 2004," the second "on or about November 29, 2004," and the third also "on or about November 29, 2004."  *See* ECF No. 67 at 11–13.  The November 29, 2004 offenses, however, occurred at different residences (and thus different victims were involved) and at different times of day.  *See id.*

[6] The Government also contends Petitioner had two additional convictions for second degree burglary, and that these would also qualify as predicates for ACCA purposes.  These offenses, however, were not identified in the PSR as qualifying predicate offenses under ACCA.  Accordingly, in light of the Court's finding that Petitioner's other four second degree burglary convictions qualify, it need not address whether these would also qualify.

Circuit has repeatedly said and even most recently confirmed that second degree burglary under South Carolina law is categorically a crime of violence. *See supra* note 3.

The Court agrees with the Government that the three additional second degree burglary offenses identified in Footnote 4 above would also qualified as predicate offenses under ACCA. As the Government correctly noted, where a predicate offense or offenses no longer qualify under ACCA, it is a harmless error so long as there are a sufficient number of other qualifying predicates. *See Adams*, 457 F. App'x at 339 ("Adams argues that his South Carolina ABHAN conviction should not have been considered a violent felony. We need not resolve this issue because we find that Adams has had more than the requisite number of violent felony convictions to be sentenced as an armed career criminal."); *see also United States v. Blitchington*, 378 F. App'x 346, 348 (4th Cir. 2010) ("[B]ecause Blitchington has three other qualifying convictions [besides the one that did not qualify], the error is harmless."). Here, Petitioner has at least four qualifying predicate convictions and thus he was properly sentenced as an armed career criminal.

### CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, (2000); *see Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In the instant matter, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

## CONCLUSION

Having thoroughly reviewed the entire record and the applicable law, the Court finds that Petitioner's Motion to Vacate is without merit, and that no evidentiary hearing is needed.

Based on the foregoing, it is **ORDERED** that Respondent's Motion for Summary Judgment is **GRANTED** and Petitioner's Motion to Vacate is **DISMISSED**. **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

Florence, South Carolina  
March 26, 2015